IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**DAVID SLOAN,**

      **Plaintiff,**

v.                                                                         Case 2:12-cv-02515-JDT-cgc

**BOARD OF EDUCATION OF
THE MEMPHIS CITY SCHOOL;
KRINER CASH, in his individual
and official capacities; and, TOMEKA
HART, President, in her official capacity,**

      **Defendants.**

---

### REPORT AND RECOMMENDATION ON DEFENDANT BOARD OF EDUCATION OF THE MEMPHIS CITY SCHOOLS' MOTION TO DISMISS

---

Before the Court is Defendant Board of Education of the Memphis City Schools' ("MCS") Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry "D.E." #20).[1] For the reasons set forth herein, it is recommended that MCS's Motion to Dismiss be GRANTED IN PART as to Plaintiff's Title VII retaliation claim and DENIED IN PART as to Plaintiff's Title VII discrimination claim. It is further recommended that Plaintiff be permitted leave to amend his June 29, 2012 Complaint to plead

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

that the doctrine of equitable tolling should permit the late filing of his pro se Title VII discrimination claim due to the allegedly deficient performance of his attorney.

**I. Background**

This action arises from allegations that Plaintiff experienced discrimination on the basis of race[2] in his application to be re-hired as a mathematics teacher with MCS. On March 23, 2010, Plaintiff completed a Charge of Discrimination ("EEOC Charge") with the Equal Employment Opportunity Commission ("EEOC"), setting forth his allegations of discrimination as follows:

> On or about December 11, 2009, I was denied re-hire for a Certified Classroom Teacher position. I was informed via email that I was eligible for re-hire and interviewed December 1, 2009 during a group interview of 20 applicants. Most of the interviewees were not within the protected age group.
>
> I previously worked for the school system as a Classroom Teacher from 2004 through 2008 with an Interim B license. On or about July 1, 2008, I was discharged for not having a valid certification license. The school system refused to renew my Interim B license. I obtained my Apprentice license in March 2009 and am listed as highly qualified to teach at the middle school level of education. Anita Louise Price, a younger, Black, Classroom Teacher, was allowed to continue her employment with the school system although she only had an Interim B license. Price obtained her Apprentice License about August 2009.
>
> I believe that I have been discriminated against because of my race (White) and age (42), in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967 (ADEA).

(Pl.'s Resp. to MCS's Mot. to Dismiss, Exh. J). The EEOC Charge was stamped as received on April 2, 2010. (*Id.*) On July 11, 2011, the EEOC issued its Dismissal and Notice of Rights ("EEOC Notice"), which stated that the EEOC was unable to conclude that the information

---

[2] As set forth, *infra*, Plaintiff initially alleged discrimination on the basis of age in addition to discrimination on the basis of race in his EEOC Charge; however, Plaintiff has apparently abandoned his claims of age discrimination, as they are not included in his June 29, 2012 Complaint.

2

obtained established a violation of the statutes and informed Plaintiff of his rights to sue as follows:

> **Title VII . . . or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice,** or your right to sue based on this charge will be lost. . . .

(*Id*.)

On October 7, 2011, it appears from the Court's electronic filing system ("ECF") that Plaintiff attempted to initiate a *pro se* case; however, the docket's only entry reflects "[n]o initiating documents filed." *David Sloan v. Board of Education of the Memphis City Schools*, No. 2:11-cv-02884 (W.D. Tenn., filed Oct. 7, 2011). Also on October 7, 2011, a Complaint was filed on Plaintiff's behalf by attorney Richard B. Fields ("October 7, 2011 Complaint"). *David Sloan v. Board of Education of the Memphis City Schools*, No. 2:11-cv-02886 (W.D. Tenn., filed Oct. 7, 2011). The October 7, 2011 Complaint alleged employment discrimination on the basis of race and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and violations of 42 U.S.C. § 1981 ("Section 1981") and § 1983 ("Section 1983") against the following defendants: MCS; Kriner Cash, Superintendent of MCS; Tomeka Hart, President of MCS; the EEOC; and Kathy Kores, District Director of the EEOC in Memphis, Tennessee. (Oct. 7, 2011 Compl. at 1).[3]

On March 7, 2012, the District Court entered an Order to Show Cause. The District Court advised Plaintiff that Rule 4(m) requires a defendant to be served within 120 after the complaint is filed and that 152 days had elapsed in Plaintiff's case without service of process.

---

[3] Plaintiff's October 7, 2011 Complaint was amended on October 13, 2011 to include the required "Civil Cover Sheet" in response to a Deficiency Notice from the Court; however, this amended complaint did not contain any substantive amendments.

The District Court ordered Plaintiff to show cause by March 21, 2012 why the case should not be dismissed pursuant to Rule 4(m) for failure to effectuate service of process.

On March 19, 2012, Plaintiff filed a pro se letter in response to the Order to Show Cause. He stated that it was his "intention to preserve and uphold" his case. He stated that he was under the understanding that his attorney "had served the named defendants via certified mail and had not received a response." He further stated that he was under the understanding that his attorney "intended to personally serve all of the named defendants." He asserted that, since receiving the Order to Show Case, he had called his attorney "many times, leaving voice messages" but that he had "not received any form of response. Plaintiff requested that his "case remain open" and that he be permitted an extension to consider his "options for legal representation." On March 23, 2012, the District Court entered an Order of Dismissal Without Prejudice pursuant to Rule 4(m) for failure to effectuate service of process and a Judgment.[1]

On June 29, 2012, Plaintiff filed the instant *pro se* Complaint initiating this case ("June 29, 2012 Complaint"). The June 29, 2012 Complaint alleges discrimination on the basis of race and retaliation in violation of Title VII, Section 1981, and Section 1983,[2] and it is identical to the October 7, 2011 Complaint, with the exception of corrections of minor typographical errors. The June 29, 2012 Complaint further reiterated the allegation in the October 7, 2011 Complaint that it

---

[1] It appears that the District Court declined to consider Plaintiff's pro se letter as a proper response to its Order to Show Cause, as the Order of Dismissal Without Prejudice states that "Plaintiff has neither effectuated service nor responded to the Order to Show Cause." This is in accordance with the general rule that a district court does not consider pro se arguments of a party represented by counsel. *See United States v. Williams*, 641 F.3d 758, 770 (6th Cir. 2011); *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009).

[2] MCS's Motion to Dismiss does not address Plaintiff's claims pursuant to Section 1981 or Section 1983. Accordingly, the Court will not consider whether these claims should be dismissed pursuant to Rule 12(b)(6).

was "filed within 90 days" (June 29, 2012 Compl. ¶ 2), although the June 29, 2012 Complaint was filed nearly one year after the EEOC Notice was issued.

On June 5, 2013, MCS filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. MCS argues that Plaintiff's June 29, 2012 Complaint must be dismissed as a matter of law for failure to timely file within ninety days of the EEOC Notice. Alternatively, MCS argues that Plaintiff's June 29, 2012 Complaint fails to allege facts to support a plausible inference of racial discrimination or retaliation under Title VII and fails to allege a prima facie case of race discrimination under Title VII.

On July 2, 2013, Plaintiff filed his Response to MCS's Motion to Dismiss. Plaintiff argues that his case should be considered as timely filed based upon the filing of his October 7, 2011 Complaint.[4] Plaintiff further argues that he filed a complaint with the Board of Professional Responsibility of the Supreme Court of Tennessee ("BPR") for abandonment against his attorney, that the BPR "authorized formal charges against Fields for alleged misconduct," and that attorney Richard Fields died April 13, 2012. Plaintiff argues that equitable principles require the Court to permit the filing of his June 29, 2012 Complaint beyond the statutory time period because it was untimely only due to his attorney abandonment and misconduct. Plaintiff's Response includes as exhibits documents regarding his representation by

---

[4] Plaintiff references case number 2:11-cv-02884, which is the case he attempted to initiate *pro se* on October 7, 2011; however, as he discusses the complaint he seeks to refer to as being filed by attorney Richard Fields, it appears to the Court that he is referencing case number 2:11-cv-02886.

5

attorney Richard Fields and his BPR charge, as well as other exhibits that he seeks the Court to consider in support of his case.[5]

---

[5] For the reasons set forth below, the Court recommends that the instant motion can be resolved pursuant to Rule 12(b)(6) and that it does not need to consider Plaintiff's additional exhibits at this time and convert the motion into one pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d).

## II. Recommended Conclusions of Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

### A. Failure to State a Claim Upon Which Relief May be Granted

#### i. Title VII Discrimination

First, Plaintiff alleges that he was discriminated against on the basis of race in violation of Title VII. Title VII provides in pertinent part as follows:

(a) Employer practices

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000-e.

To successfully state a claim upon which relief may be granted for Title VI discrimination, a plaintiff must only set forth a short and plain statement that he is entitled to relief pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). A plaintiff, however, is not required to plead a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz*, 534 U.S. at 500.

Plaintiff's June 29, 2012 Complaint alleges that he was not hired for employment on the basis of his race. (Compl. ¶¶ 1, 3). Plaintiff provides a short and plain statement of his allegations, explaining his application process, his qualifications, the selection process, and the hiring decision. These allegations are sufficient to plead a violation of Title VII discrimination on the basis of race. Accordingly, it is recommended that Plaintiff's Title VII discrimination claim adequately states a claim upon which relief may be granted.

### ii. Title VII Retaliation

Next, Plaintiff alleges that he suffered retaliation in violation of Title VII. Plaintiff claims that the alleged retaliation was "because he questioned the number of students in his class." (Compl. ¶ 3). To plead a claim of Title VII retaliation, a plaintiff must allege that he has engaged in a "protected activity." 42 U.S.C. § 2000e-3. A "protected activity" is defined as opposition to "any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Id.* Plaintiff has not alleged that he participated in any such protected activity, as questioning his principal regarding his class size does not qualify as such. Accordingly, it is recommended that Plaintiff's Title VII retaliation claim fails to state a claim upon which relief may be granted and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B. Timeliness of Plaintiff's June 29, 2012 Complaint

As it is recommended that Plaintiff's Title VII claim adequately states a claim upon which relief may be granted, the Court must proceed to address the timeliness of Plaintiff's Complaint. It is undisputed that Plaintiff's Complaint was filed beyond the ninety-day period as required by 42 U.S.C. § 2000e-5(f)(1). However, Plaintiff alleges in his Response to MCS's Motion to Dismiss that principles of equity should permit him to file his June 29, 2012 Complaint because his delay was due to the abandonment or misconduct of his attorney.

In *Wilson v. Grumman Ohio Corporation*, 815 F.2d 26 (6th Cir. 1987), the United States Court of Appeals for the Sixth Circuit considered whether a complaint could be refiled after a dismissal without prejudice for failure to effect service. In *Wilson*, the plaintiff filed her original Title VII complaint eighty-seven days after receiving the EEOC notice. *Id*. at 27. The plaintiff

then failed to perfect service upon the defendant, and the complaint was dismissed without prejudice. *Id*. The plaintiff then refiled an identical complaint eighty-five days after the dismissal and over fifteen months after her receipt of the right-to-sue letter from the EEOC. *Id*.

In *Wilson*, the plaintiff first argued that the filing of her original complaint automatically tolled the statutory filing period. *Id*. However, the Sixth Circuit concluded that "the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII." *Id*. at 28; *see also Hall v. Kroger Baking Co.*, 520 F.2d 1204 (6th Cir. 1975) (concluding that a timely complaint later dismissed without prejudice did not toll the statutory filing period of Title VII even though the order of dismissal purported to permit a refiling within thirty days of its entry, as the court did not have power to extend the statutory period). The Sixth Circuit reasoned as follows: "Wilson's position that the filing of a complaint which is later dismissed without prejudice tolls the statutory filing period finds little support in the federal courts. It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought . . ." *Id*. at 27 (citing *Bomer v. Ribicoff*, 304 F.2d 4277 (6th Cir. 1962); 5 *Moore's Federal Practice* ¶ 41.05[2]).[3]

In *Wilson*, the plaintiff next argued that the Title VII filing period is subject to waiver and equitable tolling. *Id*. at 28. The Sixth Circuit agreed that the Title VII requirements are "subject to equitable tolling in limited circumstances." *Id*. (citing *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir. 1981)). At the time of the Sixth Circuit's consideration of *Wilson*, it had only

---

[3] The *Willson* court also noted that, while the plaintiff argued that the statutory filing period of Title VII should be "tolled," he was in fact arguing that "the ninety day filing period should be restarted after the dismissal without prejudice." *Id*. at 27. The court further explained as follows: "If the filing of the first complaint merely tolled the statutory period, the running of the period would be suspended, but would start again after dismissal. Wilson would then have had to refiled within three days, as she had already used eighty-seven of the ninety days before filing the original complaint." *Id*. Ultimately, the *Wilson* court did not permit automatic tolling in either circumstance.

applied the doctrine of equitable tolling where the employer had made affirmative representations to the employee, causing her delay filing her claim, *Id*. (citing *Leake v. University of Cincinnati*, 605 F.2d 255 (6th Cir. 1979), and in situations where the plaintiff pursued an alternative judicial remedy in state court reasonably believing it to be available to her, *Id*. (citing *Fox v. Eaton Corp*., 615 F.2d 716 (6th Cir. 1980)).

The *Wilson* court also noted that the United States Supreme Court had considered the "possible justification for invoking the doctrine of equitable tolling in refusing to apply the doctrine to a *pro se* plaintiff who did not comply with the district court's filing instructions." *Id*. (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984)). The *Baldwin County* Court concluded as follows:

> This is not a case where the claimant has received inadequate notice, . . . or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, . . . or where the court has led the plaintiff to believe that she had done everything required of her . . . . Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. . . . The simple fact is that Brown was told three times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

*Id*. (quoting *Baldwin County*, 466 U.S. at 151).

The *Wilson* court relied upon *Baldwin County* to determine that the plaintiff had not presented any reasons that would justify equitable tolling of the statutory filing period, as "Wilson's lack of diligence in effecting service upon Grumman within the necessary period cannot be the basis for an equitable tolling of the statutory filing period in her favor." *Id*. at 29. Ultimately, the *Wilson* court reasoned that, "[u]nlike the cases where some equitable tolling has been held to apply the plaintiff cannot claim that either the court or the defendant were responsible for the long delays in the ultimate filing of this action. The delay must be placed on

the party responsible for the commencement of the action, which is the plaintiff." *Id*. (quoting *Wilson v. Grumman Ohio Corp.*, 656 F. Supp. 689, 691 (N.D. Ohio 1985)).

Following *Wilson*, the Sixth Circuit has had occasion to consider whether alleged errors of an attorney may be sufficient to equitably toll statutory filing periods. In *Cantrell v. Knoxville Community Development Corp.*, 60 F.3d 1177 (6th Cir. 1995), the plaintiff's attorney was alleged to suffer from "mental instability" and, as a result, failed to file a Title VII suit within 180 days of the alleged discriminatory act. *Id.* at 1180. The *Cantrell* court held that equitable tolling would apply but remanded for the District Court to further consider counsel's mental state during the statutory filing period as well as the plaintiff's own diligence in pursuing his claim. *Id*. In *Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010), the Sixth Circuit concluded that an attorney's drug abuse, which effectively incapacitated counsel during the habeas corpus filing period, might justify equitable tolling. *Id*. at 785-86.

The Sixth Circuit has also cited with approval cases where equitable tolling was applied because of an attorney's significant misrepresentations and errors. *See Cantrell*, 60 F.3d at 1180 (citing *Burton v. United States Postal Serv.*, 612 F. Supp. 1057 (N.D. Ohio 1985) (applying equitable tolling where the plaintiff's attorney failed to contact the plaintiff after an EEOC interview, abandoned the case and left town, and waited almost twenty days after the plaintiff completed his written complaint to the EEOC to mail the document); *Sanders v. Numburger*, 208 F.3d 215 (6t Cir. 2000) (citing *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236 (3d Cir. 1999) (finding a "sufficient claim of attorney abandonment" and applying equitable tolling where an attorney had affirmatively misrepresented that he timely filed a Title VII complaint). Nevertheless, a plaintiff's "garden variety claim of excusable neglect" on the part of her attorney

12

will not justify equitable tolling to rescue an untimely cause of action. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Following these decisions, this Court had the opportunity to consider a very similar issue to the one presented in this case. In *Robin Gordon v. Gordon R. England*, No. 2:07-cv-02223-STA-tmp (W.D. Tenn., filed Mar. 19, 2007), the plaintiff's attorney filed suit beyond the ninety day statutory filing period after resolution of the EEOC complaint. *Id.* The plaintiff's suit was dismissed without prejudice for failure to effect timely service, as well as failure to respond to an order of show cause. *Id.* After persistent problems with her attorney, including the filing and voluntary non-suit of a second federal case, Plaintiff eventually filed a pro se suit nearly four years after the first federal complaint had been filed by her counsel. *Id.* This Court dismissed Plaintiff's pro se complaint, concluding that it was filed beyond the ninety-day statutory filing period. *Id.* This Court also concluded that equitable tolling did not apply to save plaintiff's untimely claim. *Id.*

On appeal, the Sixth Circuit expressed concern that the plaintiff had "wholly incompetent legal representation" despite her own efforts to timely pursue her case on her own behalf. *Gordon v. England*, 354 Fed. Appx. 975, 979 (6th Cir. 2009). The court noted that, while it only had "allegations" of the conduct upon appellate review, "if true, the allegations of deficient attorney performance are extremely troubling." *Id.* The court further noted that, while counsel's performance was alluded to before the District Court, the allegations were not contained in her pro se complaint and were "barely, if at all, presented to the district court." *Id.* Thus, the District Court did not have an adequate opportunity to consider whether the plaintiff's attorney's performance was sufficiently deficient to warrant equitable tolling. *Id.* However, in light of the alleged "egregious conduct" of the plaintiff's attorney and her "status as a *pro se* litigant," the

Sixth Circuit remanded the case to this Court to allow the plaintiff an opportunity to amend her initial complaint "to make the necessary showing to satisfy the standards for equitable tolling." *Id.*

The Sixth Circuit noted that remanding the case to allow the pro se plaintiff to amend her complaint where she had not requested leave to amend "may deviate from the default rule," but determined that "a case, such as this, where the claims are of such a serious nature demands that the complaint be closely scrutinized by the district court before it is dismissed at the pleading stage of litigation." *Id.* Ultimately, the Sixth Circuit determined as follows:

> For a variety of reasons, it is uncertain whether [the plaintiff] can maintain a claim for equitable tolling upon further development of the record. . . .
>
> We acknowledge that [the plaintiff's] litigation has not been diligently pursued to date, but whether the failures were the result of [the plaintiff's] inaction, her attorney's incompetence, or a combination of the two is unclear on the record. We simply do not know to what extent [the plaintiff's] attorney assured her that deadlines were met or did not apply to her case, or that she should simply trust him to attend to any problems or pending legal notices. In fact, if her attorney misrepresented his compliance with the statutory deadlines, it would further bolster [the plaintiff's] claim for equitable tolling. . . .
>
> [The plaintiff] has made serious allegations against Defendants that, at this stage of the litigation, must be accepted as true. She has been unable to reach the merits of those claims in multiple actions as a result of the egregious conduct of her attorney. . . . It is to her credit that [the plaintiff] has diligently pursued her claim since she began pursuing her case *pro se*. Under these somewhat unique circumstances, [the plaintiff] has raised sufficiently serious claims about her attorney's malfeasance that, in the interest of justice, the case should be remanded to provide [the plaintiff] an opportunity to amend her complaint so that the district court could then determine whether she is entitled to equitable tolling.

*Id*. at 982-83; *see also Brown v. Matauszak*, 415 Fed. Appx. 608, 614 (6th Cir. 2011) (concluding that a pro se plaintiff should be permitted sua sponte leave to amend his complaint when documents in record not properly plead in the complaint demonstrate that non-frivolous,

although not necessarily meritorious, issues may exist); *see also Berndt v. Tennessee*, 796 F.2d 879, 882-83 (6th Cir. 1986).

Upon review, as in *Gordon*, Plaintiff's June 29, 2012 Complaint does not contain any allegations regarding his attorney's deficient performance that would permit this Court to determine whether the doctrine of equitable tolling applies. Instead, the allegations are raised in response to the instant Motion to Dismiss. Plaintiff claims that his attorney "failed to serve defendants or represent Plaintiff"; that he was "diligent" in contacting his attorney but received no responses; that he filed a complaint with the BPR for abandonment; that the BPR authorized formal charges against his attorney for alleged misconduct; and, that his counsel died on April 13, 2013. As in *Gordon*, while these are only allegations at this stage, they are sufficiently serious to allow Plaintiff to present them to the Court for consideration of whether the doctrine of equitable tolling may apply.

It is also worth noting that Plaintiff also raised his concerns regarding his representation by filing a pro se letter in his initial federal case on March 19, 2012 in response to the Court's Order to Show Cause. He stated that it was his "intention to preserve and uphold" his case. He stated that he was under the understanding that his attorney "had served the named defendants via certified mail and had not received a response." He further stated that he was under the understanding that his attorney "intended to personally serve all of the named defendants." He asserted that, since receiving the Order to Show Case, he has called his attorney "many times, leaving voice messages" but that he has "not received any form of response. Plaintiff requested that his "case remain open" and that he be permitted an extension to consider his "options for legal representation." While the District Court was not required to consider Plaintiff's pro se filing when he was represented by counsel, it provides additional support for his current

allegations that his attorney misrepresented his compliance with the statutory deadlines and that Plaintiff attempted to diligently pursue his claims on his own behalf. The *Gordon* court concluded that such allegations "must be accepted as true" at this stage of the litigation and found that they were critical to the determination that Plaintiff should be permitted the remedy of leave to amend even when such relief has not been requested.

Accordingly, based upon the Sixth Circuit's reasoning in *Gordon*, it is recommended that Plaintiff be granted leave to amend his June 29, 2012 Complaint to plead his allegations of deficient attorney performance so that the Court may properly consider whether the doctrine of equitable tolling applies to Plaintiff's Title VII discrimination claim. It is recommended that Plaintiff be permitted thirty days to amend his June 29, 2012 Complaint. It is recommended that the time for leave to amend shall begin either after the conclusion of the fourteen day time period for objections to this Report and Recommendation, if no objections are filed, or upon the adoption of this Report and Recommendation, if it is adopted by the District Court. Ultimately, it is recommended that MCS's Motion to Dismiss be GRANTED IN PART as to Plaintiff's Title VII retaliation claim DENIED IN PART as to Plaintiff's Title VII discrimination claim.

**DATED** this 6th day of November, 2013.

s/ Charmiane G. Claxton<br>
CHARM IANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EX CEPTIONS, AND ANY FURTHER APPEAL.**