IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DAVID SLOAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 12-2515-JDT |
| ) | |
| BOARD OF EDUCATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff David Sloan, *pro se*, filed this action against Defendants Memphis City School Board of Education, Kriner Cash, and Tomeka Hart, alleging that he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.[1] Plaintiff has alleged that he is white and that he was not hired for a teaching position with the Board of Education of the Memphis City Schools ("MCS") because of his race.

Defendants have filed a motion for summary judgment [DE# 42], Plaintiff has filed a response to the motion, and Defendants have filed a reply to the response. On April 23, 2015, Magistrate Judge Charmaine G. Claxton issued a report and recommendation [DE# 45] in which she recommends that the motion for summary judgment be granted. Plaintiff filed

---

[1] In his objections [DE#47-1 at p. 3], Plaintiff states that Cash and Hart are no longer parties to this lawsuit.

objections to the report and recommendation on May 7, 2015. Defendants have not filed any objections. For the reasons set forth below, Plaintiff's objections are OVERRULED, the report and recommendation is ADOPTED in its entirety, and the motion for summary judgment is GRANTED.

Magistrate Judge Claxton has set out Defendants' arguments as follows:

> Defendants argue that the Section 1981 and Section 1983 claims are time-barred by a one-year statute of limitations. Defendants further argue that Plaintiff cannot maintain a cause of action under Section 1983 because he fails to identify the policy that caused his injury. Additionally, Defendants argue that Plaintiff fails to establish a prima facie case for his Title VII race discrimination and Section 1981 claims. With respect to the Title VII race discrimination claims, Defendants argue that they have a legitimate, non-discriminatory reason for their actions that Plaintiff cannot establish was merely pretext. Finally, Defendants argue that Cash and Hart are unnecessary and improper parties to the lawsuit.

Rep. & Rec. [DE# 45] at pp. 6-7. The Magistrate Judge also set out Plaintiff's response:

> Plaintiff does not directly respond to Defendants' motion and does not cite to the record or relevant case law to support his opposition thereto. Moreover, Plaintiff failed to file a response to the Defendant's Statement of Undisputed Material Facts as required by Local Rule 56.1(b). Instead, Plaintiff argues that Defendants should not have objected to his interrogatories. Plaintiff asserts that he only needs to state inferential allegations for the claim not to be dismissed. Additionally, Plaintiff asserts that his Title VII discrimination claim should be equitably tolled due to abandonment by his former attorney. Finally, Plaintiff asserts that, from his interviewer's recommendation form, it is clear that no facts or qualifications were part of the basis for their decision not to re-hire him.

Id. at p. 7. Because Plaintiff did not respond to Defendants' statement of undisputed material facts as required by Rule 56.1(b), Magistrate Judge Claxton deemed Defendants' statement to be undisputed. Id. at p. 7 n. 6.

After setting forth the standard for deciding motions for summary judgment, Magistrate

2

Judge Claxton determined that:

> Plaintiff knew or had reason to know of the injury, at the earliest, on or about December 11, 2009, when he received the email informing him that he was not re-hired, which is when the EEOC found to be the earliest date the discrimination occurred (Def.'s Mot. for Summ. J., Exh. J), or, at the latest, on March 8, 2010, when Plaintiff filed his EEOC charge. However, Plaintiff did not file his Complaint until June 29, 2012, which is more than two years after the latest possible date that the statute of limitation period could have begun. Therefore, the one-year statute of limitations for Plaintiff's Section 1981 and Section 1983 claims had expired before he filed his June 29, 2012 Complaint.

Id. at p. 13. Magistrate Judge Claxton recommended that Defendants' motion for summary judgment be granted on Plaintiff's claims brought pursuant to Section 1981 and Section 1983.

As for Plaintiff's Title VII claim of race discrimination, Magistrate Judge Claxton determined that Plaintiff had presented no direct evidence of discrimination and there was none in the record showing that discriminatory motives had caused Plaintiff not to be hired as a teacher. She also determined that, using the circumstantial evidence approach, the evidence did not establish a prima face case of race discrimination under Title VII. See Arendale v. City of Memphis, 519 F.3d 587, 603 (6th Cir. 2008) (To establish a prima facie case of reverse race discrimination requires proving the following: (1) background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently than similarly situated, non-protected employees.)

> With respect to whether background circumstances exist to support the suspicion that MCS is the unusual employer who discriminates against the majority, Plaintiff merely states in his deposition that he has no knowledge,

3

> facts or information regarding MCS discriminating against white applicants other than his own personal situation. Plaintiff also opines that it appears to him that racial discrimination "seemed to be an underlying practice" at least as for "certain people doing certain things" but that he does not know whether it was the practice of the "whole organization" due to its size. These suppositions are insufficient to establish the first prong of the prima facie case for reverse race discrimination.

Rep. & Rec. [DE# 45] at pp. 15-16. Magistrate Judge Claxton also found that Plaintiff had not presented evidence that he had been treated differently than similarly situated non-protected employees.

> ...Plaintiff has listed nine employees that he believes from information he obtained from MCS that were hired "during the same time frame and . . . had lesser qualifications." However, the record does not reflect the race of these individuals, their qualifications or alleged lack thereof, whether they applied for the same position, whether they went through the same selection process, or when they were hired or re-hired. Thus, a bare list of nine teachers alleged to be hired at some point of time around the time Plaintiff was not rehired with no further information is insufficient to establish the third prong of the prima facie case for reverse race discrimination.

Id. at p. 16 (footnotes omitted). Accordingly, Magistrate Judge Claxton recommended that Defendants be granted summary judgment on Plaintiff's Title VII claim.

In summary, Magistrate Judge Claxton recommended that the court grant Defendants' motion for summary judgment on all Plaintiff's claims.

Plaintiff's objections state that the findings of the Magistrate Judge "are not supported by the evidence and/or are contrary to law." Obj. [DE# 47-1] at p. 2. He contends that his claims under Section 1981 and Section 1983 are not barred by the one year statute of limitations because he did not receive his right to sue letter from the EEOC until July 11, 2011, and he filed a complaint in this court on October 7, 2011. Plaintiff relies on the

4

Tennessee Savings Statute in support of his argument.

The requirement of obtaining a right to sue letter prior to filing suit in federal court is a requirement for Title VII claims - not Section 1981 and Section 1983 claims. See Puckett v. Tenn. Eastman Co., 889 F.2d 1481, 1486 (6th Cir.1989) (citing McDonnell-Douglas). Under Tennessee law, the statute of limitations for a civil action for damages brought under the federal civil rights statutes is one year after the cause of action has accrued. See Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986).

As noted by Magistrate Judge Claxton, Plaintiff's claims under Section 1981 and Section 1983 accrued at the earliest on December 11, 2009, when he received the email informing him that he was not re-hired, and the latest on March 8, 2010, when Plaintiff filed his EEOC charge. Therefore, he had to file his lawsuit no later than March 8, 2011. Plaintiff did not attempt to file a complaint in this court until October 7, 2011.[2]

The Tennessee savings statute, Tenn. Code Ann. § 28–1–105, provides in pertinent part that

> [i]f the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, ... the plaintiff ... may, from time to time, commence a new action within one (1) year....

Tenn. Code Ann. § 28–1–105(a). Thus, a plaintiff may re-file a lawsuit not previously dismissed on the merits so long as the first action **was timely filed within the statute of limitations** and the new action is commenced within one year following the order of

---

[2] The present lawsuit was filed on June 29, 2012.

5

voluntary dismissal. See Crowley v. Thomas, 343 S.W.3d 32, 34–35 (Tenn. 2011); Frazier v. E. Tenn. Baptist Hosp., Inc., 55 S.W.3d 925, 927–28 (Tenn.2001). Because Plaintiff did not file his initial complaint until more than one year after his cause of action accrued, Magistrate Judge Claxton correctly determined that his Section 1981 and Section 1983 claims are barred by the statute of limitations.

In his objections, Plaintiff contends that he has submitted evidence of discrimination by "naming African-Americans who were hired with lesser qualifications as determined by the state of Tennessee during the same time frame as Plaintiff sought employment with [the] district." Obj. [DE# 47-2] at p. 4. As noted by Magistrate Judge Claxton, a list of nine teachers alleged to be hired around the time that Plaintiff was not rehired with no further information is insufficient to establish the third prong of the prima facie case for reverse race discrimination. Moreover, the court agrees with Magistrate Judge Claxton that Plaintiff has pointed to no background circumstances to support the suspicion that MCS is that unusual employer who discriminates against the majority.

The district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, as in the present case, the district court reviews the case de novo. Fed. R. Civ. P. 72(b) states:

6

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See Baker v. Peterson, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the de novo standard." (internal citations omitted)).

The court has conducted a de novo review of Defendants' motion for summary judgment, Plaintiff's response, and Defendants' reply and finds that it concurs with Magistrate Judge Claxton's recommendation that Defendants are entitled to judgment as a matter of law. Nothing in the evidence or in the objections made by Plaintiff in opposition to the report and recommendation alter the correctness of the Magistrate Judge's finding. Therefore, Plaintiff's objections are OVERRULED, and the report and recommendation of the Magistrate Judge is ADOPTED. Accordingly, the motion for summary judgment is GRANTED, and the clerk is DIRECTED to enter judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE